UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

**CHAMBERS OF**
**BRENDAN A. HURSON**
**UNITED STATES MAGISTRATE JUDGE**

**101 WEST LOMBARD STREET**
**BALTIMORE, MARYLAND 21201**
**(410) 962-0782**
**MDD_BAHChambers@mdd.uscourts.gov**

September 16, 2022

LETTER TO ALL COUNSEL OF RECORD

Re:   *Gideon T. v. Kilolo Kijakazi, Acting Commissioner, Social Security Administration*
      Civil No. 21-2843-BAH

Dear Counsel:

On November 5, 2021, Plaintiff Gideon T. ("Plaintiff") petitioned this Court to review the Social Security Administration's ("SSA's" or "Commissioner's" or "Defendant's") final decision to deny Plaintiff's claim for Social Security benefits. ECF 1. This case was then referred to me with the parties' consent. *See* 28 U.S.C. § 636; Loc. R. 301 (D. Md. 2021). I have considered the record in this case, ECF 8, and the parties' cross-motions for summary judgment, ECFs 9 and 11. I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2021). This Court must uphold the decision of the SSA if it supported by substantial evidence and if the SSA employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will DENY both motions for summary judgment, GRANT Plaintiff's alternative motion for remand, REVERSE the Commissioner's decision, and REMAND the case to the Commissioner for further consideration. This letter explains why.

## I.   PROCEDURAL BACKGROUND

Plaintiff filed a Title II application for Disability Insurance Benefits ("DIB") and a Title XVI application for Supplemental Security Income ("SSI") benefits on October 24, 2019, alleging a disability onset of June 30, 2019. Tr. 212–23. Plaintiff's claims were denied initially and on reconsideration. Tr. 99–106, 113–19. On March 25, 2021, an Administrative Law Judge ("ALJ") held a hearing. Tr. 31–50. Following the hearing, on April 20, 2021, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act[1] during the relevant time frame. Tr. 12–25. The Appeals Council denied Plaintiff's request for review, Tr. 1–6, so the ALJ's decision constitutes the final, reviewable decision of the SSA. *Sims v. Apfel*, 530 U.S. 103, 106–07 (2000); *see also* 20 C.F.R. § 422.210(a).

## II.   THE ALJ'S DECISION

Under the Social Security Act, disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a

---

[1] 42 U.S.C. §§ 301 et seq.

*Gideon T. v. Kijakazi*
Civil No. 21-2843-BAH
September 16, 2022
Page 2

continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a). The ALJ is required to evaluate a claimant's disability determination using a five-step sequential evaluation process. *See* 20 C.F.R. §§ 404.1520, 416.920. "Under this process, an ALJ evaluates, in sequence, whether the claimant: '(1) worked during the alleged period of disability; (2) had a severe impairment; (3) had an impairment that met or equaled the requirements of a listed impairment; (4) could return to her past relevant work; and (5) if not, could perform any other work in the national economy.'" *Kiser v. Saul*, 821 F. App'x 211, 212 (4th Cir. 2020) (quoting *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012)) (citation omitted).

Here, at step one, the ALJ determined that Plaintiff "has not engaged in substantial gainful activity since June 30, 2019, the alleged onset date." Tr. 17. At step two, the ALJ found that Plaintiff suffered from the severe impairments of "degenerative disc disease; right foot drop; neuropathy; chronic kidney disease; hypertension; diabetes mellitus; proliferative diabetic/hypertensive retinopathy; congestive heart failure; and obesity." Tr. 17. The ALJ also determined that Plaintiff suffered from the non-severe impairment of "hypomagnesemia." Tr. 18. At step three, the ALJ determined that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." Tr. 18. Despite these impairments, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to:

> perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except can occasionally climb ramps and stairs; never climb ladders, ropes or scaffolds; occasionally balance, stoop, kneel, crouch and crawl; tolerate occasional exposure to extreme heat, extreme cold, humidity, wetness, fumes, odors, dusts, gases, poor ventilation and vibrations. He cannot tolerate exposure to hazards, such moving machinery and unprotected heights; can frequently finger, handle and reach. He requires the opportunity to wear an ankle foot brace on one lower extremity.

Tr. 19. The ALJ determined that Plaintiff was unable to perform past relevant work as an auto body technician (DOT[2] Code 807.381-010) but could perform other jobs that existed in significant numbers in the national economy, including sorter (DOT Code 521.687-086), charge account clerk (DOT Code 205.367-014), and document preparer (DOT Code 249.587-018). Tr. 24–25. Therefore, the ALJ concluded that Plaintiff was not disabled. Tr. 25.

---

[2] The "DOT" is shorthand for the Dictionary of Occupational Titles. The Fourth Circuit has explained that "[t]he *Dictionary of Occupational Titles*, and its companion, *Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles* . . . , are [SSA] resources that list occupations existing in the economy and explain some of the physical and mental requirements of those occupations. U.S. Dep't of Labor, *Dictionary of Occupational Titles* (4th ed. 1991); U.S. Dep't of Labor, *Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles* (1993)." *Pearson v. Colvin*, 810 F.3d 204, 211 n.1 (4th Cir. 2015).

### III.   LEGAL STANDARD

As noted, the scope of this Court's review is limited to determining whether substantial evidence supports the ALJ's factual findings and whether the decision was reached through the application of the correct legal standards. *See Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987); *see also Britt v. Saul*, 860 F. App'x. 256, 259 (4th Cir. 2021) (citing *Mascio v. Colvin*, 780 F.3d 632, 634 (4th Cir. 2015)) ("A disability determination must be affirmed so long as the agency applied correct legal standards and the factual findings are supported by substantial evidence."). "The findings of the [ALJ] . . . as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g).

Substantial evidence is "evidence which a reasoning mind would accept as sufficient to support a particular conclusion." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966); *see also Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)) ("[Substantial evidence] means—and means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'"). It is "more than a mere scintilla . . . and somewhat less than a preponderance." *Laws*, 368 F.2d at 642. In conducting the "substantial evidence" inquiry, my review is limited to whether the ALJ analyzed the relevant evidence and sufficiently explained their findings and rationale in crediting the evidence. *See, e.g.*, *Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439–40 (4th Cir. 1997); *DeLoatche v. Heckler*, 715 F.2d 148, 150 (4th Cir. 1983) ("Judicial review of an administrative decision is impossible without an adequate explanation of that decision by the [ALJ].").

### IV.   ANALYSIS

On appeal, Plaintiff argues that the ALJ failed to provide a sufficient RFC—and therefore posed an improper hypothetical question to the vocational expert ("VE") that failed to include all of Plaintiff's impairments—for the following reasons: (1) the RFC "fail[ed] to account for [Plaintiff's] need to elevate [Plaintiff's] legs" due to edema, erroneously giving insufficient weight to Plaintiff's treating physician's opinions, ECF 9-1, at 9–10; (2) the RFC failed to include a "visual limitation for [Plaintiff's] proliferative diabetic/hypertensive retinopathy," ECF 9-1, at 11; and (3) the RFC "overestimate[d Plaintiff's] ability to handle and finger," ECF 9-1, at 11.

Defendant counters that the RFC and the ALJ's hypotheticals presented to the VE were sufficient. ECF 11-1, at 6–7. More specifically, Defendant argues that (1) "[t]he ALJ explained why further limitations [regarding Plaintiff's edema] were unwarranted," ECF 11-1, at 13; (2) the ALJ adequately "addressed Plaintiff's vision" and noted improvement with treatment, ECF 11-1, at 14; and (3) the ALJ sufficiently addressed why "no further limitations were warranted" regarding Plaintiff's neuropathy of the hands, ECF 11-1, at 15.

I will start first with Plaintiff's last argument, as I find that argument dispositive. Plaintiff argues that the limitation of frequent handling and fingering in the RFC "overestimates [Plaintiff's] ability" and is therefore not supported by substantial evidence. ECF 9-1, at 11. "'[A] proper RFC analysis' proceeds in the following order: '(1) evidence, (2) logical explanation, and (3) conclusion.'" *Dowling v. Comm'r, Soc. Sec. Admin.*, 986 F.3d 377, 388 (4th Cir. 2021) (quoting *Thomas v. Berryhill*,

916 F.3d 307, 311 (4th Cir. 2019)). "An RFC analysis must "include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations)." *Mascio v. Colvin*, 780 F.3d 632, 636 (4th Cir. 2015). In *Mascio*, the Court held that "[r]emand may be appropriate . . . where an ALJ fails to assess a claimant's capacity to perform relevant functions, despite contradictory evidence in the record, or where other inadequacies in the ALJ's analysis frustrate meaningful review." *Id.* at 636 (quoting *Cichocki v. Astrue*, 729 F.3d 172, 177 (2d Cir. 2015) (per curiam)).  "While there is no requirement that each impairment correlate with the particular restrictions in the RFC, the ALJ's findings of Plaintiff's limitations must be supported by substantial evidence." *Larry J. v. Comm'r, Soc. Sec. Admin.*, No. SAG-20-3252; 2021 WL 4170250, at *2 (D. Md. Sept. 14, 2021) (citing *Carrier v. Astrue*, No. SAG-10-3264, 2013 WL 136423, at *1 (D. Md. Jan. 9, 2013)).

Here, the ALJ found that Plaintiff's neuropathy was a severe impairment at step two. Tr. 17. The ALJ further found that the limitations in the RFC, including "frequent fingering, handling, and reaching," "adequately accommodates [Plaintiff's] neuropathy affecting the upper and lower extremities." Tr. 22. Yet the opinion offers no explanation for the "frequent fingering, handling, and reaching" limitation at all. The ALJ's analysis of Plaintiff's neuropathy seemingly focuses exclusively on Plaintiff's lower extremities, yet the ALJ attributes their conclusion to Plaintiff's neuropathy in the upper extremities too without any additional explanation. Tr. 22 ("[T]he opportunity to wear ankle foot brace [sic] on one lower extremity adequately accommodates the claimant's neuropathy affecting the upper and lower extremities . . . ."). Plaintiff testified that neuropathy in his hands results in numbness that interferes with his ability to grasp and hold things. Tr. 40. He further testified that the numbness and pain in his feet was "not as bad as [in his] hands." Tr. 42.

Defendant contends that the ALJ "acknowledged Plaintiff's testimony that he got some numbness in his hands, yet noted that the EMG/NCS showed only mild right carpal tunnel syndrome (medium nerve entrapment at wrist) affecting the sensory and motor components." But the EMG/NCS referenced by Defendant and the ALJ *also* showed "[s]evere neuropathy" and "[p]robable right ulnar neuropathy at an unknown location." Tr. 478. Indeed, the ALJ relied on this EMG/NCS as support for the ALJ's rejection of the state agency medical consultants' opinions, which the ALJ found "not persuasive" because they were too restrictive. Tr. 23. The ALJ seemingly based the "not persuasive" finding on the fact that the consultants found Plaintiff capable of light work, rather than sedentary as the ALJ did. Tr. 23. However, the ALJ did not indicate whether they found any other parts of the consultants' findings persuasive, Tr. 23, leading any reader—including the Court on review—to conclude that the ALJ rejected the consultants' opinions outright. The ALJ's opinion contains no explanation of how the EMG/NCS could serve as a basis for more restrictions regarding one limitation due to Plaintiff's neuropathy in the lower extremities, yet not for another limitation regarding Plaintiff's neuropathy in the upper extremities. Indeed, the ALJ's opinion provides no explanation at all as to how the ALJ reached the conclusion that Plaintiff was limited to frequent fingering and handling.

Because the ALJ failed to provide any explanation regarding how the limitation of frequent handling and fingering was supported by substantial evidence, the ALJ committed error. Therefore, remand is warranted. In remanding for further explanation, I express no opinion as to whether the ALJ's ultimate conclusion that Plaintiff is not entitled to benefits is correct. Because

*Gideon T. v. Kijakazi*
Civil No. 21-2843-BAH
September 16, 2022
Page 5

the case is being remanded on other grounds, I need not address Plaintiff's arguments regarding the ALJ's failure to include a visual limitation in the RFC. On remand, the ALJ is welcome to consider these arguments and make any required adjustments to the opinion.

## V.     CONCLUSION

For the reasons set forth herein, Plaintiff's motion for summary judgment, ECF 9, is DENIED, Plaintiff's alternative motion for remand, ECF 9, is GRANTED, and Defendant's motion for summary judgment, ECF 11, is DENIED. Pursuant to sentence four of 42 U.S.C. § 405(g), the SSA's judgment is REVERSED due to inadequate analysis. The case is REMANDED for further proceedings in accordance with this opinion. The clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as a Memorandum Opinion. A separate implementing Order follows.

Sincerely,

/s/

Brendan A. Hurson
United States Magistrate Judge